UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Camille Shelton<br><br>    Plaintiff,<br><br>v.<br><br>AllianceOne Receivables Management, Inc. dba AllianceOne<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Camille Shelton, ("Camille"), is a natural person who resided in Bridgeport, Connecticut, at all times relevant to this action.

2. Defendant, AllianceOne, Inc., ("AO"), is a Delaware Corporation that maintained offices throughout the United States including Maumee, Ohio, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. AO uses a predictive dialer system.

6. Before AO began contacting Camille, it and Camille had no prior business relationship and Camille had never provided express consent to AO to be contacted on her cellular telephone.

7. AO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of AO's revenue is debt collection.

9. AO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, AO contacted Camille to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Camille is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, AO willingly and knowingly used an automatic telephone dialing system to call Camille on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. A few months ago, AO began contacting Camille on Camille's cellular phone in connection with the collection of the debt.

15. During one communication, Camille requested AO cease further calls to Camille.

16. Despite this request, AO contacted Camille on Camille's cellular phone in connection with the collection of the debt on numerous occasions.

17. On more than one occasion, Camille requested AO cease further calls to Camille.

18. In June 2014, Camille retained an attorney, ("Attorney").

19. In June 2014, Attorney's assistant contacted AO.

20. During this communication, AO revealed AO called Camille's phone number, but AO wanted to speak with a person named Rosedale Jones.

21. AO contacted Camille on numerous occasions, all of which were in error.

22. AO attempted to collect a debt from Camille.

23. AO violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

32. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

33. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By:     /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
OH Bar #0079315

September 22, 2014